1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOSE S. ANGUIANO,                    )   Case No. EDCV 07-1102-OP
                                     )
                  Plaintiff,         )
                                     )   MEMORANDUM OPINION; ORDER
        v.                           )
                                     )
MICHAEL J. ASTRUE,                   )
Commissioner of Social Security,     )
                                     )
                  Defendant.         )
                                     )

        The Court[1] now rules as follows with respect to the three disputed issues
listed in the Joint Stipulation ("JS").[2]

*/ / /*

*/ / /*

*/ / /*

---

[1]  Pursuant to 28 U.S.C. § 636(c), the parties consented to proceed before the
United States Magistrate Judge in the current action.  (See Dkt. Nos. 8, 9.)

[2]  As the Court advised the parties in its Case Management Order, the
decision in this case is being made on the basis of the pleadings, the Administrative
Record ("AR"), and the Joint Stipulation filed by the parties.  In accordance with
Rule 12(c) of the Federal Rules of Civil Procedure, the Court has determined
which party is entitled to judgment under the standards set forth in 42 U.S.C. §
405(g).

**I.**

**DISPUTED ISSUES**

As reflected in the Joint Stipulation, the disputed issues which Plaintiff raises as the grounds for reversal and/or remand are as follows:

1.      Whether the Appeals Council properly considered the opinion of Plaintiff's treating physician;

2.      Whether the Administrative Law Judge ("ALJ") misrepresented the record; and

3.      Whether the ALJ erred by failing to pose a complete hypothetical to the vocational expert.

(JS at 2-3.)

**II.**

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether the Commissioner's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Sec'y of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (citation omitted). The Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the Commissioner's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

/ / /

/ / /

2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### III.

### SUMMARY OF THE CASE

On September 18, 2004, Jose S. Anguiano ("Plaintiff"), protectively filed applications for a period of disability and Disability Insurance Benefits ("DIB"), and for Supplemental Security Income ("SSI"). (AR at 22.)  Plaintiff alleged disability beginning January 23, 2004. (Id.)  On January 18, 2005, the Social Security Administration ("SSA") denied Plaintiff's applications for benefits. (Id. at 74-78.)  On May 6, 2005, the SSA affirmed this decision. (Id. at 66-71.)

On January 3, 2007, a hearing before an ALJ was held in San Bernardino, California. (Id. at 22.)  On March 26, 2007, the ALJ issued his decision. (Id. at 22-30.)  The ALJ found that Plaintiff suffered from medically determinable impairments – degenerative changes of the cervical spine and strain of the upper and lower back – which, in combination, were "severe." (Id. at 25-26.)  The ALJ further found that: 1) Plaintiff's impairments did not singly, or in combination, meet or equal the criteria of any of the impairments listed in Appendix 1 Subpart P of the Commissioner's regulations; 2) Plaintiff's "statements concerning the intensity, duration and limiting effects of these symptoms are not entirely credible;" and 3) Plaintiff retained the residual functional capacity ("RFC") to lift and carry fifty pounds occasionally and twenty-five pounds frequently, stand and/or walk for six out of eight hours, sit for about six hours in an eight-hour work day, and frequently climb, balance, stoop, kneel, crouch, and crawl. (Id. at 26-30.)  The ALJ concluded that Plaintiff was capable of performing his past relevant work and had not been under a "disability" as defined in the Social Security Act at any time through the date of the ALJ's decision. (Id. at 28-30.)  Thus, the ALJ concluded Plaintiff was not eligible for DIB or SSI. (Id. at 29-30.)

On May 16, 2007, Plaintiff timely filed a request with the Appeals Council for review of the ALJ's decision. (Id. at 9-11.)  On July 20, 2007, the Appeals Council advised that the ALJ's decision would stand as the final decision of the

3

1  Commissioner in Plaintiff's case.  (Id. at 4-8.)  The Appeals Council further

2  advised that, in reaching its decision, it had considered the additional evidence

3  submitted by Plaintiff.[3]  (Id. at 5.)  The Appeals Council found that this additional

4  evidence did not provide a basis for changing the ALJ's decision.  (Id.)  The Court

5  agrees.

**IV.**

**DISCUSSION**

**A.    The Appeals Council Did Not Err in Discounting the Opinion of**
      **Plaintiff's Treating Physician.**

Plaintiff contends the Commissioner erred by rejecting the opinion of

Plaintiff's treating physician, Dr. Alexander, without providing specific and

legitimate reasons.  (JS at 3.)

It is well-established that a treating physician's opinions are entitled to

special weight, because a treating physician is employed to cure and has a greater

opportunity to know and to observe the patient as an individual.  McAllister v.

Sullivan, 880 F.2d 1086, 1089 (9th Cir. 1989).  "The treating physician's opinion

is not, however, necessarily conclusive as to either a physical condition or the

ultimate issue of disability."  Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.

1989).  The weight given a treating physician's opinion depends on whether it is

---

[3]  Subsequent to the administrative hearing, Plaintiff obtained and submitted
to the Appeals Council as additional evidence, an Immigration and Naturalization
Service Medical Certification for Disability Exceptions Form ("Form") completed
by Dr. Edward A. Alexander.  (AR at 12-14.)  Dr. Alexander wrote on the Form
that Plaintiff suffers from "depression, probable memory impairment, prostate
disease, and has a history of head trauma in [a] car accident."  (Id. at 13.)  Dr.
Alexander also wrote on the Form that these impairments make Plaintiff's "ability
to learn civics and English laborious."  (Id.)  Dr. Alexander checked boxes on the
Form to indicate that these impairments affect Plaintiff's ability to "learn and/or
demonstrate knowledge" and are expected to last longer than twelve months.  (Id.
at 12.)

4

1   supported by sufficient medical data and is consistent with other evidence in the

2   record.  See 20 C.F.R. § 404.1527(d)(2).  If the treating physician's opinion is

3   uncontroverted by another doctor, it may be rejected only for "clear and

4   convincing" reasons.  Lester v. Chater, 81 F.3d 821, 830 (9th Cir.1996); Baxter v.

5   Sullivan, 923 F.2d 1391, 1396 (9th Cir. 1991).  If the treating physician's opinion

6   is controverted, it may be rejected only if the ALJ makes findings setting forth

7   specific and legitimate reasons that are based on the substantial evidence of record.

8   Thomas v. Barnhart, 278 F.3d 947, 957 (9th Cir. 2002); Magallanes, 881 F.2d at

9   751; Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  Contrary opinions of

10  examining and non-examining physicians "serve as additional specific and

11  legitimate reasons" for rejecting the opinions of treating and examining physicians.

12  Tonapetyan v. Halter, 242 F.3d 1144, 1149 (9th Cir. 2001); see also Johnson v.

13  Shalala, 60 F.3d 1428, 1433 (9th Cir. 1995) (holding that the self-contradictory

14  nature of treating physician opinion was a "clear and convincing" reason for

15  rejection).

16          Here, Plaintiff complains that the Appeals Council failed to properly

17  consider Dr. Alexander's findings, specifically his finding that Plaintiff has an

18  impaired ability to "learn and/or demonstrate knowledge." (JS at 9.)  Plaintiff

19  contends this impairment could "significantly erode his vocational base." (Id.)

20          Defendant contends the evidence does not support the conclusion that Dr.

21  Alexander is Plaintiff's treating physician.  (Id. at 4.)  Dr. Alexander noted on the

22  Form that he had been treating Plaintiff for prostate disease "on and off from

23  2002." (AR at 14.)  Defendant further contends that even assuming Dr. Alexander

24  is Plaintiff's treating physician, there were specific and legitimate reasons for

25  rejecting his assessment.  (JS at 4.)

26          First, Dr. Alexander's opinions are conclusory and unsupported by medical

27  evidence.  A treating physician's opinion may be discredited if it is conclusory,

28  brief, and unsupported by the record as a whole, or by objective medical findings.

                                                5

1  Baston v. Comm'r of Soc. Sec., 359 F.3d 1190, 1195 (9th Cir. 2004); see also

2  Crane v. Shalala, 76 F.3d 251, 253 (9th Cir. 1996) (stating that the ALJ properly

3  rejected the doctor's opinion because it was in the form of check off reports that

4  contained no explanation of the bases of the conclusions).  Here, Dr. Alexander

5  merely checked a box, without more, to indicate that Plaintiff's impairments would

6  affect his ability to "learn and/or demonstrate knowledge."  (AR at 12.)  The Form

7  is merely three pages in length and is wholly unsupported by explanation, progress

8  notes, or any other medical findings.  (Id. at 12-14.)  Thus, Dr. Alexander's

9  opinions are entitled to less weight because they are conclusory and unsupported

10  by explanation or  medical evidence.[4]

11      Second, Dr. Sedgh, the consultative internist, did not in his examination of

12  Plaintiff find any evidence to support Dr. Alexander's findings.  Where the opinion

13  of the treating physician is controverted, and the opinion of a non-treating source is

14  based on independent clinical findings that differ from those of the treating

15  physician, the opinion of the non-treating source may itself be substantial evidence.

16  Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).  Here, in his evaluation,

17  Dr. Sedgh only diagnosed Plaintiff with "upper back and low back strain" and

18  chest pain.  (AR at 172.)  Dr. Sedgh noted that Plaintiff is "oriented to time, place,

19  and person" and did not report any findings to support the assertion that Plaintiff

20  has functional impairments that would affect his ability to "learn and/or

21  demonstrate knowledge."  (Id. at 168-72.)  Thus, since Dr. Sedgh found no

22  _____

23      [4]  The Court also takes note of the purpose of the Form.  To become an

24  American citizen, one must demonstrate knowledge of the English language and
pass a civics test.  (AR at 12.)  Persons unable to demonstrate this required

25  knowledge because of a disability may apply for a waiver.  (Id.)  The sole purpose

26  of the Form is to determine whether the named patient is eligible for a waiver of
the English language and civics citizenship requirements.  (Id.)  The Form also

27  provides that "[t]his definition of disability is different from the definition used by

28  the Social Security Administration. . . ."  (Id.)

1  evidence to support Dr. Alexander's assertions, the Appeals Council's decision to

2  discount Dr. Alexander's opinion is supported by substantial evidence.

3  Third, when examining the record as a whole, there is no objective evidence

4  to support Dr. Alexander's assertions.  The ALJ considered Plaintiff's subjective

5  complaints of failing vision and hearing, headaches, and poor concentration, and

6  found no objective evidence in the record to support these claims.  (<u>Id.</u> at 25-26.)

7  Furthermore, regarding Plaintiff's upper and lower back and chest pains, the ALJ

8  opined that "there is almost no evidence of treatment for the pains the claimant

9  describes."  (<u>Id.</u> at 28.)  The ALJ also noted Plaintiff's "statements concerning the

10 intensity, duration and limiting effects of these symptoms are not entirely

11 credible."[5]  (<u>Id.</u> at 27.)  Plaintiff is not under regular doctor's care and is not on

12 prescription medication for any of his alleged impairments.  (<u>Id.</u> at 26-27.)  Thus,

13 the lack of objective evidence to support Plaintiff's subjective complaints serves as

14 a specific and legitimate reason to reject them as well as Dr. Alexander's

15 assessments based apparently on Plaintiff's subjective complaints.

16 Accordingly, the Court finds that there are specific and legitimate reasons

17 based on substantial evidence for rejecting Dr. Alexander's assessments and

18 finding Plaintiff not disabled.  Based on the foregoing, the Court finds that the

19 Appeals Council did not err in rejecting Dr. Alexander's opinions.

20 **B.    <u>The ALJ Did Not Misrepresent the Record.</u>**

21 Plaintiff contends the ALJ erred by misrepresenting the record when he

22 stated there was no objective evidence to support Plaintiff's claim of memory

23 impairment because Dr. Alexander's reports supported this claim.  The Court has

24 already determined there is sufficient evidence to support the Appeals Council's

25 decision discounting Dr. Alexander's report.  Accordingly, the ALJ did not

26 misrepresent the record.

27

28  _____

[5] Plaintiff apparently does not dispute the ALJ's credibility determination.

7

**C.     The ALJ Did Not Err with Respect to the Hypothetical Posed to the Vocational Expert.**

Plaintiff contends the ALJ erred by failing to pose a complete hypothetical question to the Vocational Expert.  Hypothetical questions posed to a vocational expert need not include all alleged limitations, but rather only those limitations substantiated by the evidence of record which the ALJ finds to exist.  See, e.g., Osenbrock v. Apfel, 240 F.3d 1157, 1164-65 (9th Cir. 2001); Magallanes, 881 F.2d at 756-57; Copeland, 861 F.2d at 540; Martinez v. Heckler, 807 F.2d 771, 773-74 (9th Cir. 1986).

Here, Plaintiff specifically complains the ALJ should have included functional limitations – such as, difficulty completing tasks and concentrating, memory problems, and depression – in the hypothetical posed to the vocational expert.  (JS at 13.)  It follows from the Court's finding above with respect to the first disputed issue that substantial evidence did not support these limitations.  Thus, there was no need to include them in the hypothetical posed to the Vocational Expert.  See Osenbrock, 240 F.3d at 1164-65.

Accordingly, the Court finds no error in the hypothetical posed to the Vocational Expert.

**V.**

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this action with prejudice.

DATED:  July 23, 2008

_____
HONORABLE OSWALD PARADA
United States Magistrate Judge

8